# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR267 |
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| ARTEMIO CASTILLO-GARCIA, | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 23). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶ 49, in which 2 criminal history points are added because the Defendant was on probation when the instant offense was committed. Defendant's argument is that the Indictment charges the Defendant with entering or being found in the United States on or about August 2, 2006, and his probation was terminated on June 29, 2006. Therefore, the Defendant argues that he did not commit the instant offense while on probation.

The factual basis presented at the change of plea hearing specified that the Defendant was found in the United States on or about August 2, 2006. (TR, at 24.) The PSR states that the Defendant was arrested for DUI outside his period of probation on or about July 27, 2006, by the Omaha Police Department (¶ 11), and the PSR also states that

he was arrested for the same offense within his period of probation on June 26, 2006 (¶ 46). The Defendant's objection will be heard at sentencing.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 23) will be heard at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 11th day of January, 2007.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge