# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR267** |
| **Plaintiff,** | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **ARTEMIO CASTILLO-GARCIA,** | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 23). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶ 49, in which 2 criminal history points are added because the Defendant was on probation when the instant offense was committed. Defendant's argument is that the Indictment charges the Defendant with entering or being found in the United States on or about August 2, 2006, and his probation was terminated on June 29, 2006. Therefore, the Defendant argues that he did not commit the instant offense while on probation.

The PSR states on page 1 and in ¶¶ 1 and 46 that the Defendant was arrested on June 26, 2006 and sentenced on July 27, 2006, for the DUI offense that brought him to the attention of the federal immigration authorities. Apparently in error, the government's version of the offense states in ¶ 11 that his DUI arrest occurred on July 27, 2006. The Defendant was discharged from his probation on June 29, 2006. The factual basis presented at the change of plea hearing specified that the Defendant was found in the United States on or about August 2, 2006. (TR, at 24.) The Indictment charges that he

was found in the United States "on or about" August 2, 2006 after illegally reentering the United States.

For sentencing purposes, the offense of illegal reentry is a "continuing offense," beginning on the date of reentry and ending on the date when the defendant is found in the United States. *United States v. Alba-Esqueda,* 457 F.3d 859, 859 (9th Cir. 2006). Moreover, an indictment charging an offense "on or about" a certain date "relieves the government of proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified." *United States v. Duke,* 940 F.2d 1113, 1119-20 (8th Cir. 1991). The Indictment in this case appears adequate.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 23) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file a motion challenging these tentative findings or rase the objection orally at sentencing;

4. Absent any objection brought to the Court's attention pursuant to paragraph 3 above, my tentative findings may become final; and

5. Any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 17th day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge